Vicente Valencia **MONDRAGON,**
Petitioner,

v.

Michael B. **MUKASEY, Attorney General, Respondent.**

No. 06–73739.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 20, 2007.*

Filed Dec. 28, 2007.

Vicente Valencia Mondragon, Santa Ana, CA, pro se.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Esq., Stacy S. Paddack U.S. Department of Justice, Civil Div./Office of Immigration Lit. Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

MEMORANDUM **

Vicente Valencia Mondragon, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have ju-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

risdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

The BIA did not abuse its discretion in denying Valencia's motion to reopen because he failed to present evidence to support his contention that his son had a new medical condition. *See* 8 C.F.R. § 1003.2(c)(1) (providing that a motion to reopen "shall be supported by affidavits or other evidentiary material").

We do not consider Valencia's contentions regarding continuous physical presence because the hardship determination is dispositive. *See* 8 U.S.C. § 1229b(b)(1) (to be eligible for cancellation of removal the applicant must establish continuous physical presence, good moral character and hardship). **PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.